**FILED**
**NOVEMBER 15, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6478**

| | | |
|---|---|---|
| VICTOR VARNEY and ANDRZEJ KMIECIK, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | **JUDGE PALLMEYER** **MAGISTRATE JUDGE SCHENKIER** |
| v. | ) ) | No. |
| MENTICE, INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Victor Varney and Andrzej Kmiecik ("Plaintiffs"), on behalf of themselves and all other similarly situated employees, known and unknown, through their attorneys, for their Complaint against Defendant Mentice, Inc. (herein "Defendant") state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay overtime wages to Plaintiffs and similarly situated employees for all time they worked in excess of forty (40) hours in individual workweeks. Plaintiffs' consent forms to bring this case as a collective action under the FLSA are attached hereto as Group Exhibit A.

## THE PARTIES

2. At all material times hereto, Plaintiffs were Defendant's "employee(s)," as that term is defined by the FLSA, 29 U.S.C. § 203 (e)(1), and the IMWL.

3. Plaintiffs resides in and are domiciled in this judicial district.

1

4. During the course of their employment by Defendant, Plaintiffs handled goods that moved in interstate commerce.

5. During the course of their employment by Defendant, Plaintiffs were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §207, or the IMWL, 820 ILCS 105/1 *et seq.*

6. At all relevant times, Defendant Mentice, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3(c).

7. Defendant Mentice, Inc. is a Delaware corporation doing business in this judicial district.

8. Defendant Mentice, Inc. is an enterprise as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA, 29 U.S.C. §203(s)(1)(A).

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Plaintiffs on their own behalf and on behalf of similarly situated employees)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 9 of this Complaint, as if fully set forth herein.

10. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, in failing to pay overtime wages to Plaintiffs and similarly situated employees

2

for all time worked in excess of forty (40) hours in individual work weeks.

11. During the course of their employment by Defendant, Plaintiffs were employed by Defendant and were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

12. Plaintiffs were directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

13. Pursuant to 29 U.S.C. § 207, Plaintiffs and similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

14. Defendant did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

15. Other non-exempt employees employed by Defendant were directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

16. Defendant did not compensate other non-exempt employees at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

17. Defendant's failure and refusal to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

18. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and similarly situated employees overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' and similarly situated employees' regular rate for all time which Plaintiffs and similarly situated employees worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

C. Reasonable attorneys' fees for Werman Law Office, P.C.;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiffs Individually Only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

19. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

20. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

21. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours in individual workweeks.

22. Defendant violated the IMWL by failing to compensate Plaintiffs at one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

23. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for

three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times their regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees for Werman Law Office, P.C.;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.


Dated: November 15, 2007            BY: s/Douglas M. Werman
                                    DOUGLAS M. WERMAN (ARDC#6204740)
                                    MAUREEN A. BANTZ (ARDC#6289000)
                                    Werman Law Office, P.C.
                                    77 W. Washington, Suite 1402
                                    Chicago, Illinois 60602
                                    (312) 419-1008
                                    Attorneys for Plaintiffs

# GROUP EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by the Mentice, Inc. within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Victor Varney_ (print your name)

Signature: _/s/ Victor Varney_

Date on which I signed this Notice: _10/10/2007_
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Mentice, Inc., or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: Andy Pmiecik  (print your name)

Signature: _____

Date on which I signed this Notice: 11/10/07 (today's date)