IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 14 2008
2-14-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **VICTOR VARNEY and ANDREIJ KMIECIK, on behalf of themselves and other similarly situated persons, known and unknown,** | ) | |
| **Plaintiffs,** | ) | **07 C 6478** |
| **v.** | ) | **Judge Pallmeyer** |
| **Mentice, Inc.,** | ) | **Magistrate Judge Schenkier** |
| **Defendant.** | ) | |

**DEFENDANT MENTICE, INC.'S MOTION FOR LEAVE TO SUBSTITUTE ATTORNEYS AND FILE ANSWER INSTANTER**

NOW COMES Defendant Mentice, Inc., who requests leave to substitute Thorelli & Associates for the firm of Sidley Austin, and also for Thorelli & Associates to file its Appearance and Answer, attached, instanter.

One of the attorneys for Defendant

Thorelli & Associates
70 W. Madison
Suite 5750
Chicago, IL 60602
(312) 357-0300

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VICTOR VARNEY and ANDREIJ KMIECIK, on behalf of themselves and other similarly situated persons, known and unknown,

Plaintiffs,

v.

Mentice, Inc.,

Defendant.

07 C 6478

Judge Pallmeyer

Magistrate Judge Schenkier

## SUBSTITUTION AND WITHDRAWAL OF ATTORNEYS

1. Brian J. Gold, James D. Weiss, and Sarah M. Konsky, all of Sidley Austin LLP, hereby request leave of the Court to withdraw their Appearances in this action on behalf of Defendant Mentice, Inc.

2. Thomas H. Thorelli, of Thorelli & Associates, hereby files his Appearance in this action on behalf of Defendant Mentice, Inc.

3. The undersigned, Defendant Mentice Inc., hereby consents to the withdrawal of Sidley Austin LLP and the substitution of Thorelli & Associates as its counsel of record in this action.

Göran Malmberg CEO/President
14th of February, 2008

Thomas H. Thorelli
Thorelli & Associates
70 W. Madison
Suite 5750
Chicago, IL 60602
(312) 357-0300

**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**ATTORNEY APPEARANCE FORM**

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of
Victor Varney et al v. Mentice, Inc.

Case Number: 07C 6478

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:
Mentice, Inc.

RECEIVED
FEB 14 2008
2-14-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NAME (Type or print)
Edward J. Moran

SIGNATURE (Use electronic signature if the appearance form is filed electronically)
s/

FIRM
Thorelli & Associates

STREET ADDRESS
70 W. Madison, Suite 5750

CITY/STATE/ZIP
Chicago, IL 60602

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
|---|---|
| 6195416 | (312) 357-0300 |

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☑ | NO ☐ |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐ | NO ☑ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☑ | NO ☐ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☑ | NO ☐ |

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL ☐ APPOINTED COUNSEL ☐

RECEIVED
FEB 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VICTOR VARNEY and ANDREIJ KMIECIK, on behalf of themselves and other similarly situated persons, known and unknown,** | ) | |
| **Plaintiffs,** | ) | **07 C 6478** |
| **v.** | ) | **Judge Pallmeyer** |
| **Mentice, Inc.,** | ) | **Magistrate Judge Schenkier** |
| **Defendant.** | ) | |

**ANSWER**

Now comes Defendant Mentice, Inc. ("Mentice"), by and through its attorney Thorelli & Associates, and for its Answer to Plaintiffs' Complaint, states:

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*. ("FSLA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et. seq*. ("IMLW"), for Defendant's failure to pay overtime wages to Plaintiffs and similarly situated employees for all time they worked in excess of forty (40) hours in individual workweeks. Plaintiffs consent forms to bring this case as a collective action under the FLSA are attached hereto.

RESPONSE: Mentice admits that Plaintiffs purport to bring this action under the FLSA and the IMLW and that consent forms are attached hereto. Mentice denies that it is liable to Plaintiffs under the FLSA or the IMLW, and denies the remaining allegations of this paragraph.

2. At all material time hereto, Plaintiffs were Defendant's "employees", as that term is defined by the FLSA, 29 U.S.C. §203(e)(1), and the IMWL.

RESPONSE: Mentice admits the allegations of this paragraph.

3. Plaintiffs resides (sic) in and are domiciled in this judicial district.

RESPONSE: On information and belief, Mentice admits the allegations of this paragraph.

4. During the course of their employment by Defendant, Plaintiffs handled goods that moved in interstate commerce.

RESPONSE: Mentice denies the allegations of this paragraph.

5. During the course of their employment by Defendant, Plaintiffs were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §207, or the IMWL, 820 ILCS 105/1 *et seq*.

RESPONSE: Mentice denies the allegations of this paragraph.

6. At all relevant times, Defendant Mentice, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS §105/2 (c).

RESPONSE: Mentice admits the allegations of this paragraph. [CONFIRM]

7. Defendant Mentice is a Delaware corporation doing business in this judicial district.

RESPONSE: Mentice admits the allegations of this paragraph. [CONFIRM]

8. Defendant Mentice is an enterprise as defined by Section 3 (r)(1) of the FSLA, 20 U.S.C. §203 (r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA, 29 U.S.C. §203(s)(1)(A).

RESPONSE: Mentice admits the allegations of this paragraph [CONFIRM].

**JURISDICTION AND VENUE**

9. This court has jurisdiction over Plaintiffs' FSLA claims pursuant to 29 U.S.C. 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

RESPONSE: Mentice admits the allegations of this paragraph [CONFIRM].

**COUNT I**

**Violation of the Fair Labor Standards Act—Overtime Wages**

**(Plaintiffs on their own behalf and on behalf of similarly situated employees)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 9 of this Complaint, as if fully set forth herein.

1-9. Mentice incorporates its Answers to Paragraphs 1 through 9 as its Answers to Paragraphs 1 through 9 as though fully set forth herein.

10. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, in failing to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

RESPONSE: Mentice admits that Plaintiffs purport to bring this action for violations of the FLSA, but denies that it is liable to Plaintiffs under the FLSA, and denies the remaining allegations of this paragraph.

11. During the course of their employment by Defendant, Plaintiffs were employed by Defendant and were not exempt from the overtime wage provision of the Fair Labor Standards Act, 29 U.S.C. §207.

RESPONSE: Defendant denies the allegations of this paragraph.

12. Plaintiffs were directed by Defendant to work, and do so work, in excess of forty (40) hours per week.

RESPONSE: Defendant denies the allegations of this paragraph. [CONFIRM]

13. Pursuant to 29 U.S.C. §207, Plaintiffs and similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hour in individual work weeks.

RESPONSE: Defendant denies the allegations of this paragraph

14. Defendant did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for all time worked in excess of forth (40) hours in individual workweeks.

RESPONSE: Defendant denies the allegations of this paragraph

15. Other non-exempt employees employed by Defendant were directed by Defendant to work, and did work, in excess of forty (40) hours per week.

RESPONSE: Defendant denies the allegations of this paragraph

16. Defendant did not compensate other non-exempt employees at a rate of one and one-half their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

RESPONSE: Defendant denies the allegations of this paragraph

17. Defendant's failure and refusal to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours per weeks was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

RESPONSE: Defendant denies the allegations of this paragraph

18. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and similarly situated employees overtime wages for all time worked in excess of forty (40) hours per week.

RESPONSE: Defendant denies the allegations of this paragraph

WHEREFORE, Mentice denies that it violated the Fair Labor Standards Act and requests an Order dismissing this action with prejudice in addition to awarding it its costs of litigation and attorneys fees.

**COUNT II**

**Violation of the Illinois Minimum Wage Law—Overtime Wages**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

1-18. Mentice incorporates its Answers to Paragraphs 1 through 18 of this answer as though fully set forth herein.

19. This Court has supplemental jurisdictional over the matter alleged herein pursuant to 28 U.S.C. §1367.

RESPONSE: Defendant admits the allegations of this paragraph.

20. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

RESPONSE: Defendant denies the allegations of this paragraph.

21. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and on-half times their regular rate of pay for all time they worked in excess of forty (40) hours in individual workweeks.

RESPONSE: Defendant denies the allegations of this paragraph.

22. Defendant violated the IMWL by failing to compensate Plaintiffs at one and one-half time their regular rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

RESPONSE: Defendant denies the allegations of this paragraph.

23. Pursuant to 820 ILCS 105/121(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two-percent (2%) per month of the amount of the underpayments.

RESPONSE: Defendant denies the allegations of this paragraph.

WHEREFORE, Mentice denies that it violated the Illinois Minimum Wage Law and requests an Order dismissing this action with prejudice in addition to awarding it its costs of litigation and attorneys fees.

**AFFIRMATIVE DEFENSES**

1. Part or all of Plaintiffs' claims are barred by the applicable statutes of limitation.

2. Plaintiffs were exempt administrative employees.

3. Plaintiffs were exempt under the computer employee exemption.

4. Plaintiffs were otherwise exempt employees.

One of the attorneys for Defendant

Thorelli & Associates
70 W. Madison
Suite 5750
Chicago, IL 60602
(312) 357-0300

CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant Mentice, Inc., state that he personally delivered the foregoing Answer to the offices of Plaintiffs' attorneys at the following address before the hour of 5:00 p.m. on February 14, 2008.

Douglas M. Wermanl
Maureen Bantz
Werman Law Office, P.C.
77 W. Washington
Suite 1402
Chicago, IL 60602

One of Plaintiff's Attorneys